## Brown v. Brown

*John E. Costello*, for plaintiff.

CARSON, P. J., June 21, 1955.—Plaintiff, Mary P. Brown, filed her complaint in divorce on February 11, 1955, against defendant, John Paul Brown. In the complaint, the last known address of defendant is given as "Washington Hotel, Sixth Street and Fallowfield Avenue, in the Borough of Charleroi, Washington County, Pennsylvania". On February 21, 1955, an affidavit was filed by Joseph Andrews, duly elected constable in and for Fallowfield Township, in which he deposes and says that he attempted to serve a copy of the complaint on defendant at the address given in the complaint but "was unable to do the same and is unable to learn of the whereabouts of the said John Paul Brown". On the same day the attorney for plaintiff filed a præcipe for an order of publication and

the prothonotary duly issued the order. On March 22, 1955, proofs of publication were filed by the sheriff of Washington County showing that notice of the divorce was duly published as required by law.

Under rule 1124(*b*) of the Pennsylvania Rules of Civil Procedure:

"If service cannot be made under Subdivision (*a*) (1) or (*a*) (2) of this Rule and has not been made under Subdivision (*a*) (3) of this Rule, and the sheriff or constable has made a return or affidavit of 'Not Found', the plaintiff, without reinstatement of the complaint, shall have the right of service by publication."

Rule 1013 provides:

"(a) The sheriff shall make a return of service forthwith

"(1) upon making service, or

"(2) if service has not been made and the writ has not been reissued or the complaint reinstated, then upon the expiration of the period allowed for service."

Rule 1009 (*a*) provides:

"The writ, or the complaint if the action is commenced by complaint, shall be served by the sheriff within thirty (30) days after issuance or filing. . . ."

It is apparent that the constable's return of "Not Found" was made prior to the expiration of the 30-day period, since the complaint was filed on February 11, 1955, and the return was made on February 21, 1955. Under such circumstances this court acquired no jurisdiction over defendant.

In the case of Herman v. Herman, 70 D. & C. 215, the complaint was filed on July 26, 1949, and the sheriff's return of "Not Found" was made on August 10, 1949. The court there held that even though defendant had been served personally with notice of the master's hearing, the complaint had not been properly served upon defendant and the court did not have jurisdiction.

It is clear, therefore, that defendant was not properly served in compliance with the Rules of Civil Procedure and consequently all proceedings thereafter are defective.

Wherefore, the following

*Order*

And now, June 21, 1955, all proceedings are hereby suspended until jurisdiction of defendant is properly obtained.